Mark W. Kelsey, Attorney, SB#295818
877 Ygnacio Valley Rd., Ste. 208
Walnut Creek, CA 94596
(ph) 925.476.5761; (fax) 925.476.5771
mark@markwkelseylaw.com

Attorney for the Plaintiff

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOHEIL LATCHMAN<br><br>Plaintiff<br><br>vs.<br><br>*CONTRA COSTA COUNTY;<br><br>*CONTRA COSTA SHERIFF'S DEPUTIES PETES AND JOHN DOE NUMBER 1 (IN THEIR OFFICIAL AND INDIVIDUAL CAPACITIES);<br><br>*CITY OF SAN RAMON;  AND<br><br>*SAN RAMON POLICE DEPARTMENT OFFICERS JOHN DOES NUMBER 2 THROUGH 10 (IN THEIR OFFICIAL AND INDIVIDUAL CAPACITIES)<br><br>Defendants | Case No.: 4:16-cv-5445<br><br>**COMPLAINT FOR DAMAGES AND FOR INJUNCTIVE RELIEF FOR:**<br><br>**1) CIVIL RIGHTS VIOLATIONS [42 U.S.C. § 1983];  AND**<br><br>**2) HATE CRIMES ["RALPH ACT" — CAL. CIV. CODE § 51.7]**<br><br>**JURY TRIAL DEMANDED** |

LATCHMAN V. CONTRA COSTA COUNTY, ET.AL.  —  COMPLAINT                    1

# COMPLAINT

Comes now the Plaintiff SOHEIL LATCHMAN with this complaint against: Defendants CONTRA COSTA COUNTY; two of its sheriff's deputies, DEPUTY PETES and JOHN DOE NUMBER 1 (in their official and individual capacities); the CITY OF SAN RAMON;  and San Ramon Police Department Officers JOHN DOES NUMBER 2 through 10 (in their official and individual capacities);  which states as follows:

## INTRODUCTION

1.    This is an action for money damages and for injunctive relief brought pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth and Fourteenth Amendments to the United States Constitution, and California's "Ralph Act" (Cal. Civ. Code § 51.7), against: the COUNTY OF CONTRA COSTA; two of its sheriff's deputies, DEPUTY PETES and JOHN DOE NUMBER 1 (in their official and individual capacities); the CITY OF SAN RAMON; and San Ramon Police Department Officers JOHN DOES NUMBER 2 through 10 (in their official and individual capacities).

2.    Plaintiff  alleges that Defendants DEPUTY PETES and JOHN DOE NUMBER 1 assaulted, battered, and used unreasonable force against the person of Plaintiff, causing severe physical and emotional injuries, and that all of these acts were done under the color of state authority.  Plaintiff further alleges that a motivating reason for these acts was Plaintiff's perceived religion and/or national origin, and that this was a substantial factor in causing Plaintiff's harm.

LATCHMAN V. CONTRA COSTA COUNTY, ET.AL. — COMPLAINT                                 2

3.      Plaintiff alleges that Defendant CONTRA COSTA COUNTY, by and through it's Sheriff's Department, had a policy or custom of providing inadequate supervision and surveillance of the inmate intake process at the Martinez Detention Facility, and that this policy or custom was a substantial cause of Plaintiff's injuries.

4.      Plaintiff alleges that Defendant CITY OF SAN RAMON, by and through it's Police Department, had a policy or custom of deliberate illegal harassment of homeless individuals residing within that city, and that Defendant Officers JOHN DOES NUMBER 2 through 10 actively participated in such harassment against Plaintiff, and that all of these acts were done under the color of state authority.

5.      Plaintiff alleges that Defendant Officer JOHN DOE NUMBER 2 was deliberately indifferent to Plaintiff's health and safety by observing the assault and battery by Defendants DEPUTY PETES and JOHN DOE NUMBER 1 and failing to intervene to stop the attack against Plaintiff during the inmate intake process while JOHN DOE NUMBER 2 still had a legal duty towards Plaintiff since Plaintiff remained constructively within JOHN DOE NUMBER 2's custody at that time, and that JOHN DOE NUMBER 2's acts and omissions were done under the color of state authority and were a substantial factor in causing Plaintiff's harm.

## JURISDICTION AND VENUE

6.      This court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 over Plaintiff's cause of action arising under the Constitution of the United States and 42 U.S.C. § 1983.

LATCHMAN V. CONTRA COSTA COUNTY, ET.AL. — COMPLAINT                    3

7.      This court has supplemental jurisdiction over Plaintiffs' cause of action arising under California state law pursuant to 28 U.S.C. § 1367, because it arises from the same operative facts as the federal claims.

8.      Venue lies in the United Staes District Court for the Northern District of California because, under 28 U.S.C. § 1391(b)(2), a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in Contra Costa County, California.

## PARTIES

9.      Plaintiff SOHEIL LATCHMAN is an adult Iranian national legally residing in the City of San Ramon, in the County of Contra Costa, California.  He suffers from congenital bilateral hip dysplasia, for which he has been declared disabled.

10.      Defendants DEPUTY PETES and  JOHN DOE NUMBER 1 were Deputies of the Contra Costa County Sheriff's Department when the relevant acts and omissions occurred.  They are each sued in their official and individual capacities.

11.      Defendant CONTRA COSTA COUNTY is a municipal entity and is the public employer of Defendants DEPUTY PETES and JOHN DOE NUMBER 1.

12.      Defendants JOHN DOES NUMBER 2 through 10 were officers of the City of San Ramon Police Department when the relevant acts and omissions occurred.  They are each sued in their official and individual capacities.

13.      Defendant CITY OF SAN RAMON is a municipal entity and is the public employer of Defendants JOHN DOES NUMBER 2 through 10.

# FACTS

14.     On or about July 21, 2016, Plaintiff was arrested by a San Ramon Police Department Officer for unspecified reasons and was transported by DEFENDANT JOHN DOE NUMBER 2 to the Martinez Detention Facility, a jail operated by the Contra Costa County Sheriff's Department.  Plaintiff was eventually released without criminal charges.

15.     Because of Plaintiff's disability and unemployment, for some years now, Plaintiff's only home was his automobile, which he typically parks in a legal parking space near a public park in the City of San Ramon.  Plaintiff's arrest by DEFENDANT JOHN DOE NUMBER 2 on the date in question represented at least the 286th time that Plaintiff was contacted by officers of the San Ramon Police Department, including DEFENDANTS JOHN DOES NUMBERS 2 through 10, in a deliberate campaign to harass and intimidate Plaintiff into moving out of that city, without legal justification or excuse.  Not a single one of these 286+ contacts has ever led to criminal charges being filed against Plaintiff.

16.     DEFENDANT JOHN DOE NUMBER 2 was aware that Plaintiff was physically disabled due to his hip condition, and was also aware that Plaintiff's physical condition was particularly delicate due to a recent surgery that involved deliberate breaking of Plaintiff's femur, from which Plaintiff was still attempting to recover on the date in question.

17.     Upon arrival at the Martinez Detention Center intake area, Plaintiff was asked by one or more jail staff members whether he needed crutches or a walking stick, because his gait was obviously slow, labored, and unsteady.  Plaintiff answered in the affirmative, and Plaintiff states on information and belief that each relevant defendant heard that answer.

18.     Plaintiff was then instructed by staff to sit down in a chair against the wall, to which Plaintiff replied truthfully that he was disabled and that due to his physical condition he could not sit down easily, whereupon a Contra Costa County Sheriff's Deputy, DEFENDANT DEPUTY PETES, without legal justification or excuse, suddenly and without warning ran directly towards Plaintiff, tackled Plaintiff, and forcefully drove Plaintiff's body backwards and down into the chair, causing severe pain and injury to such an extent that Plaintiff still has numbness and a lack of feeling in his tailbone, buttocks, and genital areas.

19.     At this point, a second Contra Costa County Sheriff's Deputy, DEFENDANT JOHN DOE NUMBER 1, joined DEFENDANT DEPUTY PETES in forcefully manhandling Plaintiff and instructing Plaintiff to take off his shoes and socks, which is extremely difficult for Plaintiff to do in light of Plaintiff's disability.  While this was occurring, DEFENDANTS DEPTY PETES and JOHN DOE NUMBER 1 asked Plaintiff, "What kind of name is Soheil?", to which Plaintiff responded that he is Iranian.  Upon hearing Plaintiff state that he is Iranian, DEFENDANT JOHN DOE NUMBER 1 began forcefully striking Plaintiff with a closed fist at least three times on the right side of Plaintiff's face, without legal justification or excuse and motivated by hatred and/or disdain for Plaintiff's national origin and/or perceived religion.

20.     Plaintiff was then instructed by one or more of the Deputies to reach for his sock, and when Plaintiff tried to do so DEFENDANTS DEPUTY PETES and JOHN DOE NUMBER 1, without legal justification or excuse, immediately began shouting "Stop resisting! Stop resisting!" and each took one of Plaintiff's arms and forced them painfully behind his back.  At roughly the same time, DEFENDANT DEPUTY PETES began ramming his knee into Plaintiff's

left hip (the injured one, due to the surgical breaking of the femur) in a vindictive and sadistic manner, while DEFENDANT JOHN DOE NUMBER 1 punched Plaintiff roughly three to six times, also without legal justification or excuse.

21.    DEFENDANTS DEPUTY PETES and JOHN DOE NUMBER 1 then placed handcuffs firmly around Plaintiff's wrists, which were now behind Plaintiff's back, whereupon these two defendants each took one of Plaintiff's arms (Petes on the left, John Doe Number 1 on the right), lifted Plaintiff's body several feet into the air, and then forcefully slammed Plaintiff's body face-first down onto the concrete floor of the intake room, all without legal justification or excuse.

22.    DEFENDANTS DEPUTY PETES and JOHN DOE NUMBER 1 then took Plaintiff to be photographed for his "mug shot."  While this was happening, Plaintiff informed them that they had hurt him very badly, to which both men replied only by laughing callously in a manner evincing a deliberate indifference to Plaintiff's pain, and DEFENDANT JOHN DOE NUMBER 1 said, "If you move an inch we're going to beat you some more."

23.    During the events described in Paragraphs 17 though 22, DEFENDANT JOHN DOE NUMBER 2 was deliberately indifferent to Plaintiff's health and safety by observing the assault and battery by DEFENDANTS DEPUTY PETES and JOHN DOE NUMBER 1 and failing to intervene to stop the attack against Plaintiff during the inmate intake process.

24.    As a direct and proximate result of the acts described above, Plaintiff suffered extreme and unbearable pain and aggravation of pre-existing injuries, without legal justification or excuse.  Prior to this incident, Plaintiff had been making satisfactory progress in the

rehabilitation of his left leg and hip to the extent that he was becoming less dependent on crutches, but due to this incident he is now again completely dependent on crutches, and this incident may have permanently compromised his ability to heal.

## COUNT I

### 42 U.S.C. § 1983, against DEFENDANTS DEPUTY PETES, JOHN DOE NUMBER 1, and JOHN DOE NUMBER 2

25.    Plaintiff re-alleges and incorporates by reference ¶¶ 1 through 24.

26.    Plaintiff claims damages under 42 U.S.C. § 1983 for the injuries set forth above against DEFENDANTS DEPUTY PETES, JOHN DOE NUMBER 1, and JOHN DOE NUMBER 2, for violation of constitutional rights under color of state law.

## COUNT II

### HATE CRIME (CAL.CIV.CODE § 51.7), against DEFENDANTS JOHN DOE NUMBER 1 and CONTRA COSTA COUNTY

27.    Plaintiff re-alleges and incorporates by reference ¶¶ 1 through 24.

28.    Plaintiff claims damages and civil penalties under California Civil Code § 51.7 ("the Ralph Act"), against DEFENDANT JOHN DOE NUMBER 1 for acts of violence against Plaintiff in which a motivating reason for said violent acts was Plaintiff's Iranian national origin and/or Plaintiff's perceived Islamic religious faith (Plaintiff is, in fact, Christian).

29.    Plaintiff claims damages and civil penalties against DEFENDANT CONTRA COSTA COUNTY under the doctrine of *respondeat superior,* to the extent that DEFENDANT JOHN DOE NUMBER 1was acting within the course and scope of his employment when the violation of the Ralph Act occurred.

## COUNT III

### 42 U.S.C. § 1983, against DEFENDANT CONTRA COSTA COUNTY

30.    Plaintiff re-alleges and incorporates by reference ¶¶ 1 through 24.

31.    Prior to July 21, 2016, DEFENDANT CONTRA COSTA COUNTY developed and maintained policies and/or customs exhibiting deliberate indifference to the constitutional rights of persons in Contra Costa County, which caused the violation of Plaintiff's rights.

32.    It was the policy and/or custom of DEFENDANT CONTRA COSTA COUNTY to inadequately supervise and train its Sheriff's Deputies, including DEFENDANTS DEPUTY PETES and JOHN DOE NUMBER 1, thereby failing to adequately discourage constitutional violations by its Deputies.

33.    It was the policy and/or custom of DEFENDANT CONTRA COSTA COUNTY not to require the use of body cameras by its Deputies while on duty at West County Detention Center.

34.    As a result of the above-described policies and/or customs, DEFENDANTS DEPUTY PETES and JOHN DOE NUMBER 1 believed that their actions would not be properly

monitored and that police misconduct would not be properly investigated, and that unnecessary force could be used with impunity in the absence of video recording of their use force.

35.     The above-described policies and/or customs demonstrate a deliberate indifference on the part of DEFENDANT CONTRA COSTA COUNTY to the constitutional rights of persons within Contra Costa County and were a direct and proximate cause of the violations of Plaintiffs' rights alleged herein.

36.     Plaintiff seeks damages and an injunction requiring DEFENDANT CONTRA COSTA COUNTY to mandate the use of body cameras by its Sheriff's Deputies.

**COUNT IV**

**42 U.S.C. § 1983, against DEFENDANTS JOHN DOES NUMBERS 2 THROUGH 10**

37.     Plaintiff re-alleges and incorporates by reference ¶¶ 1 through 24.

38.     Plaintiff seeks damages against DEFENDANTS JOHN DOES NUMBERS 2 THROUGH 10 for violation of constitutional rights under color of state law.

**COUNT V**

**42 U.S.C. § 1983, against DEFENDANT CITY OF SAN RAMON**

39.     Plaintiff re-alleges and incorporates by reference ¶¶ 1 through 24.

40.     Prior to July 21, 2016, DEFENDANT CITY OF SAN RAMON developed and maintained policies and/or customs exhibiting deliberate indifference to the constitutional rights of persons in that city, which caused the violation of Plaintiff's rights.

LATCHMAN V. CONTRA COSTA COUNTY, ET.AL. — COMPLAINT                                    10

41.     It was the policy and/or custom of DEFENDANT CITY OF SAN RAMON to inadequately supervise and train its police officers, including DEFENDANTS JOHN DOES NUMBERS 2 THROUGH 10, thereby failing to adequately discourage constitutional violations by its police officers.

42.     It was the policy and/or custom of DEFENDANT CITY OF SAN RAMON not to require the use of body cameras by its police officers while on field duty.

43.     As a result of the above-described policies and/or customs, DEFENDANTS JOHN DOES NUMBERS 2 THROUGH 10 believed that their actions would not be properly monitored and that police misconduct would not be properly investigated, and that unnecessary force could be used with impunity in the absence of video recording of their use force.

44.     The above-described policies and/or customs demonstrate a deliberate indifference on the part of DEFENDANT CITY OF SAN RAMON to the constitutional rights of persons within that city and were a direct and proximate cause of the violations of Plaintiffs' rights alleged herein.

45.     Plaintiff seeks damages and an injunction requiring DEFENDANT CITY OF SAN RAMON to mandate the use of body cameras by its police officers on field duty.

46.     Plaintiff further seeks an injunction requiring DEFENDANT CITY OF SAN RAMON to instruct its officers to cease their harassment of Plaintiff in the absence of probable cause to believe that Plaintiff has committed or is engaged in the commission of any crime.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this court:

A.    Enter judgment in favor of Plaintiff and against all Defendants;

B.    Enter an order declaring each Defendants' acts and omissions unconstitutional;

C.    Award Plaintiff compensatory and punitive damages against Defendants in the amount of two million dollars ($2,000,000.00);

D.    Award Plaintiffs' counsel reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988, Cal.Civ.Code § 51.7, and any other applicable provisions of law;

E.    Enter a permanent injunction, upon proper motion, requiring DEFENDANTS CONTRA COSTA COUNTY  and CITY OF SAN RAMON to adopt appropriate policies for supervising police officers, including requiring the use of body cameras while on duty; and

F.    Grant to Plaintiff such other and further relief as may be just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial, pursuant to the Seventh Amendment to the Constitution of the United States, as to all claims for damages.

Respectfully submitted on this 23rd day of September, 2016.

Mark W. Kelsey, State Bar of California #295818
The Law Offices of Mark W. Kelsey
877 Ygnacio Valley Rd., Ste. 208
Walnut Creek, CA  94596
(925) 476-5761 (phone)
(925) 476-5771 (fax)
mark@markwkelseylaw.com
*Attorney for the Plaintiff*

LATCHMAN V. CONTRA COSTA COUNTY, ET.AL. — COMPLAINT                    12

# VERIFICATION

(Verification of Pleading and Declaration under Penalty of Perjury)

CASE TITLE :        <u>LATCHMAN v. CONTRA COSTA COUNTY, ET.AL.</u>

I, SOHEIL LATCHMAN, hereby declare:

    1.  I am the Plaintiff in the above-entitled matter.

    2.  I have read the foregoing complaint and know the contents thereof.

    3.  The same is true of my own knowledge, except as to those matters which are therein stated on information and belief, and, as to those matters, I believe them to be true.

Executed on this 23rd day of September, 2016, at Contra Costa County, California.

I declare under penalty of perjury that the foregoing is true and correct.

_____

Signature of Plaintiff, SOHEIL LATCHMAN

LATCHMAN V. CONTRA COSTA COUNTY, ET.AL. — COMPLAINT                          13